IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HARRY LEE NAPPER**, Inmate #32403-037,<br><br>           Petitioner,<br><br>vs.<br><br>**RANDY DAVIS**,<br><br>           Respondent. | )<br>)<br>)<br>)<br>)   CIVIL NO. 04-820-WDS<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

   This cause is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Doc. 10). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A plaintiff is "acting in bad faith in the more common legal meaning of the term . . . [when he sues] . . . on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

   This action was dismissed because Petitioner was not entitled to relief under the rules governing petitions for habeas corpus relief, and Plaintiff's arguments as to why this Court's conclusion was incorrect are without merit. Therefore, the Court **CERTIFIES** that this appeal is not taken in good faith; accordingly, leave to proceed *in forma pauperis* on appeal is **DENIED.** Plaintiff shall tender the appellate filing and docketing fee of $255 to the Clerk of Court in this district, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

In the same motion (Doc. 10), Plaintiff requests a certificate of appealability, pursuant to 28 U.S.C. § 2253(c), which provides in pertinent part:

> Unless a circuit justice of judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from —
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>   (B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1).

Petitioner's § 2241 petition is neither a proceeding under section § 2255, nor is it a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court. Consequently, no certificate of appealability is necessary for Petitioner to perfect his appeal. FED.R.APP.P. 22(b); 28 U.S.C. § 2253(c).  Accordingly, Petitioner's Motion for Certificate of Appealability (Doc. 10) is **DENIED** as **MOOT.**

**IT IS SO ORDERED.**

**DATED:  July 8, 2005**

                                           **s/ WILLIAM D.  STIEHL**
                                                **DISTRICT JUDGE**